IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARTUR PAYTYAN** | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO)** | § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

COMES NOW, Defendant Government Employees Insurance Company ("Defendant" or "GEICO"), and submits the following Notice of Removal, pursuant to Title 28, sections 1332, 1441, and 1446 of the United States Code, and Local Rule 81.1. As grounds for this removal, Defendant states as follows:

### THE STATE COURT ACTION

1. Plaintiff Artur Paytyan (hereinafter "Paytyan") commenced an action against GEICO in County Court at Law No. 2, Dallas County, Texas, Cause No. CC-15-04636-B, on September 11, 2015. In his Original Petition,[1] Paytyan alleges that he was involved in a rear end automobile accident on January 23, 2015, which was caused by an unknown person. Pet. at 2. Paytyan alleges that, as a result of the accident, he was injured and incurred medical expenses of over $20,000. *See id.* According to Paytyan, the at-fault driver fled the scene of the accident, and thus he sought Uninsured Motorists ("UM") benefits from GEICO, his insurance carrier.

---

[1] A copy of the Original Petition ("Pet.") is attached hereto as Exhibit "C-1," along with a copy of all state court pleadings, motions, and other papers filed in Dallas County Court at Law No. 2.

NOTICE OF REMOVAL – Page 1

2.      In the Petition, Paytyan provides that on June 11, 2015, he presented GEICO with all documents necessary to evaluate his UM claim.  *See* Pet. at 2.  A true and correct copy of this June 11, 2015, letter is attached hereto as Exhibit "F(1)," without enclosures, and provides that, for his UM claim, Paytyan demanded the limits of the UM coverage under his GEICO policy.  The limits of the UM coverage under his GEICO policy are $30,000.[2]

3.      Paytyan further asserts in the Petition that GEICO's response to the policy limits demand in his June 11th letter was an offer to resolve his UM claim for $4,245.00.  *See* Pet. at 2.  Thus, Paytyan further contends in the Petition that his subsequent response to GEICO's offer of $4,245.00 was to advise GEICO that, with respect to its offer, GEICO was in violation of various provisions of the Texas Insurance Code.  *See id.*  Paytyan therefore again demanded the limits of the UM coverage under his GEICO policy to resolve his claim.  A true and correct copy of this subsequent demand letter is attached hereto as Exhibit "F(2)."

4.      Paytyan then provides in his Petition that, on August 21, 2015, GEICO responded with an increased settlement offer of $5,000.  *See* Pet. at 2.  This litigation then ensued.

5.      In his Petition, Paytyan complains that GEICO has made an alleged unreasonable settlement offer to him, and thus brings several claims against GEICO for purported violations of Chapter 541 of the Texas Insurance Code, such as §§541.0060(a)(2) and 541.060(a)(3).  And while Paytyan in his Petition acknowledges that his UM claim is necessarily based upon the existence of a contract between the parties, Paytyan contends that he is not alleging "at this time" any claim for breach of that contract.

6.      Rather, according to the Petition, Paytyan asserts that his claim is based solely on GEICO's purported violations of Chapter 541, and he seeks the following:  (a) the amount of a

---

[2] A true and correct copy of Paytyan's GEICO Policy in effect at the time of the accident at issue is attached hereto as Exhibit "E."

"reasonable settlement offer," which includes past and future medical expenses, pain, suffering and mental anguish, physical impairment/disability, and lost wages/loss of wage earning capacity; (b) attorney's fees; and (c) treble damages under Texas Insurance Code section 541.152(b).  *See* Pet. at 3

7.   GEICO filed its general and verified denials to Plaintiff's Original Petition.  *See* GEICO*'s* Answer, Exhibit "C-5."

8.   The case is currently pending in Dallas County Court at Law No. 2.  Pursuant to Rule 81.1 of the Local Rules, a true and correct copy of all pleadings, motions, and other papers filed in Dallas County Court at Law No. 2 are attached hereto, along with an index identifying same.

## JURISDICTION

9.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and §1441(a) because the parties are citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.   <u>Diversity</u>: According to the Petition, Paytyan is an individual residing in the Richardson, Dallas County, Texas, and is thus a resident of the State of Texas. *See* Pet. at 1. Upon further information and belief, Paytyan is a citizen of the State of Texas.  GEICO is a citizen of Maryland because it is a Maryland corporation with its principal place of business in Maryland.  Accordingly, 28 U.S.C. §1332(a) of the United States Code allows this Court to exercise jurisdiction over this action.

11.   <u>Amount in Controversy</u>:  The amount in controversy is in excess of $75,000.00. In his Petition, Paytyan is alleging that GEICO made a "low-ball" offer to him with regard to his claim for UM benefits under his GEICO policy.  *See* Pet. at 2.  In doing so, Paytyan contends

that GEICO has acted unreasonably with its offer to settle his UM claim and is, therefore, in violation of Chapter 541 of the Texas Insurance Code. *See id.* at 2-3. According to Paytyan, a "reasonable" settlement offer would include an amount for past and future: medical expenses; pain, suffering and mental anguish; physical impairment/disability; and lost wages/loss of wage earning capacity. *See id.* at 3. In fact, Paytyan claims that his medical expenses alone are over $20,000, which Paytyan noted in his repeated demands on GEICO to pay his policy's UM limits. *See id.* at 2; Exhibits "F(1)" and F(2)" hereto. Thus, as contained within Paytyan's demand letters, a "reasonable" settlement offer from GEICO for his UM claim would be $30,000, his policy's UM limits as demanded.

12.   But what is more, as noted above, Paytyan also alleges that, because GEICO acted unreasonably with its offer to settle his UM claim in violation of Chapter 541 of the Texas Insurance Code, he is also entitled to treble damages under Texas Insurance Code section 541.152(b). *See* Pet. at 3. If Paytyan seeks up to $30,000 in UM benefits, then with this triple modifier the total potential liability for GEICO equals $90,000 – which is in excess of $75,000. *See Watson v. Provident Life & Accident Ins. Co.*, 2009 U.S. Dist. LEXIS 43423, *18 (N.D. Tex. 2009). On top of that, Paytyan seeks unspecified attorney's fees and interest. Attorney's fees are included in the calculation of the amount-in-controversy if a state statute provides for the recovery of such fees, as would be permitted under Texas Insurance Code Chapter 541 (section 541.152(a)(1)), which Paytyan alleges GEICO violated. *See Watson*, 2009 U.S. Dist. LEXIS 43423, at *17-20.

13.   Because this civil action only involves citizens of different states, and the amount in controversy, as shown herein, exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441(a).

## TIMELY REMOVAL

14. Pursuant to Title 28 section 1446(b) of the United States Code, removal of this matter has been timely effectuated within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Defendant was served with a copy of the initial pleading on September 16, 2015. This Notice of Removal, filed on October 15, 2015, is within 30 days of such receipt.

## SERVICE

15. Copies of this Notice of Removal are being served upon all parties to this action. Notice of this removal is also being filed with Dallas County Court at Law No. 2.

Respectfully submitted this 15th day of October 2015.

                By: */s/Christopher T. Colby*
                    Christopher T. Colby
                    State Bar No. 24031962
                    Abel Leal
                    State Bar No. 24026989
                    Sarah L. Stephens
                    State Bar No. 24086110

                    Johnson & Stephens, PC
                    4809 Cole Avenue, Suite 260
                    Dallas, Texas 75205
                    (214) 552-2866 (office)
                    (214) 919-5941 (fax)
                    ccolby@johnsonstephenslaw.com
                    aleal@johnsonstephenslaw.com
                    sstephens@johnsonstephenslaw.com

                    **ATTORNEYS FOR DEFENDANT**
                    **GOVERNMENT EMPLOYEES**
                    **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on October 15, 2015 a true and correct copy of the above and foregoing instrument was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure.

>William L. Shirer
>McGilberry & Shirer, L.L.P.
>5720 LBJ Freeway
>Suite 575, LB 5
>Dallas, Texas 75240
>(866) 342-1022 (FAX)

>>*/s/Christopher T. Colby*
>>Christopher T. Colby