# Exhibit "C-1"

FILED
9/11/2015 2:59:24 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:15-cv-03343-N   Document 1-3   Filed 10/15/15   Page 2 of 21   PageID 12

CAUSE NO. _____

CC-15-04636-B

| | | |
|---|---|---|
| **ARTUR PAYTYAN,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **AT LAW NO. _____** |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **(GEICO),** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

PLAINTIFF, Artur Paytyan, files this Original Petition and states the following:

## I.  DISCOVERY CONTROL PLAN

Plaintiff brings this action under Tex. R. Civ. P. 47(c)(3)(monetary relief between $100,000 and $200,000).  Plaintiff requests that this matter be governed by a "Level 2" discovery control plan.

## II. PARTIES

Plaintiff, Artur Paytyan, is an individual residing in Richardson, Dallas County, Texas.

Defendant Government Employees Insurance Company ("GEICO") is an insurance company doing business in Texas may be served by serving their registered agent, Gregory S. Jacobi, at 4201 Spring Valley Road, Dallas, Texas 75244.

## III. VENUE AND JURISDICTION

Pursuant to Tex. Ins. Code §952.110, venue is proper in this Court because the Plaintiff resides in this county and the incident occurred in this County.  Furthermore, this Court has jurisdiction in that Plaintiff's damages are within the jurisdictional limits of this Court.

## IV. FACTS

**A.      Incident Facts -** The incident giving rise to Plaintiff's claim for UIM benefits occurred on January 23, 2015, in Carrollton, Dallas County, Texas.   Plaintiff was at a red light on the service road of I-35 and Belt Line Road when Plaintiff was rear-ended by an unknown person and said unknown person fled the scene.

**B.      Damages and Unreasonable Settlement Offer -** As a result of the incident, Plaintiff was injured and incurred medical expenses of over $20,000 (This amount is the "Escobedo – Paid v. Incurred" amount).  The at-fault driver fled the scene of the incident, and therefore, Plaintiff sought Uninsured Motorist Benefits from his insurance carrier, GEICO.

On June 11, 2015, Plaintiff presented Defendant with all documents necessary to evaluate Plaintiff's claims.  On or about June 23, 2015, Defendant responded with an offer $4,245.00.

Thereafter, on July 16, 2015, Plaintiff sent Defendant a specific demand in compliance with Tex. Ins. Code § 541.154 setting forth the specific violations of the Texas Insurance Code.

On August 21, 2015, Defendant responded in writing and increased its offer to $5,000. However, in this letter, Defendant provided no explanation for its offer.  There was no mention of any facts, any law, or any reference to the insurance policy that would explain Defendant's low-ball offer.  This is a violation of Tex. Ins. Code § 541.060.

## V. CLAIMS AGAINST DEFENDANT

The facts giving rise to Plaintiff's claims in this case are not the collision itself but rather GEICO's actions and violations of Tex. Ins. Code §541.061 et seq., including these violations:

**A. VIOLATION OF §541.060 (a)(2):**   GEICO is required by the Texas Insurance Code §541.060 (a)(2) "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."

The liability of GEICO under the UIM policy is reasonably clear given the liability facts in this case.  What is also clear is that the settlement offer made by GEICO was not a good faith attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claims given that it was *less* than the amount of Plaintiff's "Escobedo" medical expenses after all offsets for liability settlements and PIP payments.

**B. VIOLATION OF §541.060 (a)(3):**   Furthermore, the settlement offer provided by GEICO violated §541.060 (a)(3) because it did not provide "a reasonable explanation of the basis in the policy, in relation to the facts or applicable law" for the settlement offer made; in fact the response sent by GEICO contained no explanation whatsoever.  This is a violation of Tex. Ins. Code §541.060 (a)(3).

<u>Knowingly committed</u>: The foregoing violations were committed knowingly by the Defendant.  The foregoing violations were a producing cause of Plaintiff's damages.

ELECTION OF REMEDIES:  Plaintiff is electing to pursue those remedies allowed under Tex. Ins. Code § 541.  Although Plaintiff's claim is necessarily based upon the existence of a contract between the parties, Plaintiff is not alleging at this time any claim for breach of that contract.  Rather, Plaintiff's claim is based solely on Defendant's violations of § 541.

## V.  DAMAGES

Plaintiff seeks damages for the following:

A.      **The Amount of a "Reasonable Settlement Offer"** which would include:
1.      Medical Expenses: Past and Future
2.      Pain, Suffering & Mental Anguish: Past and Future
3.      Physical Impairment/Disability:  Past and Future
4.      Lost Wages/Loss of Wage Earning Capacity:  Past and Future

B.      **<u>Attorney's Fees</u>**

C.      **<u>Treble Damages under Tex. Ins. Code §541.152(B)</u>**

## VI. RELIEF SOUGHT

Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried

after which Plaintiff recover:

(1)     Judgment against Defendant for Plaintiff's actual damages in an amount within the jurisdictional limits of the court;

(2)     Pre-judgment interest at the maximum amount allowed by law;

(3)     Post-judgment interest at the maximum rate allowed by law;

(4)     Attorney's fees;

(5)     Costs of suit; and

(6)     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WILLIAM L. SHIRER**
State Bar No. 18273100

**MCGILBERRY & SHIRER, L.L.P.**
5720 LBJ Freeway
Suite 575, LB 5
Dallas, Texas 75240
P:  (972) 392-1225
F:  (866) 342-1022 Facsimile
E:  wls@shirer.net

**ATTORNEYS FOR PLAINTIFF**

**CAUSE NO. _____**

| ARTUR PAYTYAN, | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | AT LAW NO. _____ |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **(GEICO),** | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S WRITTEN DISCOVERY REQUESTS TO DEFENDANT

Plaintiff Artur Paytyan submits to Defendant GEICO the following in integrated form:

1. **Requests for Disclosure;**

2. **Requests for Admissions;**

3. **Interrogatories; and**

4. **Requests for Production.**

Respectfully submitted,

**WILLIAM L. SHIRER**
State Bar No. 18273100

**MCGILBERRY & SHIRER, L.L.P.**
5720 LBJ Freeway
Suite 575, LB 5
Dallas, Texas 75240
P: (972) 392-1225
F: (866) 342-1022 Facsimile
E: wls@shirer.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure, a true and correct copy is being served upon Defendant with the service of the Petition and Citation.


**WILLIAM L. SHIRER**

## <u>DEFINITIONS</u>

1.      "You," "your" or "Defendant" refers to Defendant GEICO.

2.      "Plaintiff" refers to Plaintiff Artur Paytyan.

3.      The "Incident" refers to that incident occurring on or about January 23, 2015, which forms the basis of Plaintiff's claims in this action.

## REQUESTS FOR DISCLOSURE

(a)    the correct names of the parties to the lawsuit;

**RESPONSE**:


(b)    the name, address, and telephone number of any potential parties;

**RESPONSE**:


(c)    the legal theories and, in general, the factual basis of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RESPONSE**:


(d)    the amount, if any, and the method of calculations of economic damages;

**RESPONSE:**


(e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RESPONSE**:


(f)    for any testifying expert:

    1.    the expert's name, address and telephone number

    2.    the subject matter on which the expert will testify.

    3.    the general substance of the expert's mental impressions and opinions, and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    4.    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and,

        (B)    the expert's current resume or bibliography;

**RESPONSE**:

(g)      any discoverable indemnity or insuring agreements as described in Rule 193(f).

      **RESPONSE**:

(h)      any discoverable settlement agreements as described in Rule 193(g).

      **RESPONSE**:

(i)      any discoverable witness statements as described in Rule 193(h).

      **RESPONSE**:

(j)      in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

      **RESPONSE**:

(k)      in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of any authorization furnished by requesting party.

      **RESPONSE**:

CAUSE NO. _____

| ARTUR PAYTYAN, | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | AT LAW NO. _____ |
| GOVERNMENT EMPLOYEES | § | |
| INSURANCE COMPANY | § | |
| (GEICO), | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff submits the following Requests for Admission to Defendant GEICO.

Respectfully submitted,

*William L. Shirer*

**WILLIAM L. SHIRER**
State Bar No. 18273100

**MCGILBERRY & SHIRER, L.L.P.**
5720 LBJ Freeway
Suite 575, LB 5
Dallas, Texas 75240
P:  (972) 392-1225
F:  (866) 342-1022 Facsimile
E:  wls@shirer.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure, a true and correct copy is being served upon Defendant with the service of the Petition and Citation.

*William L. Shirer*

**WILLIAM L. SHIRER**

## REQUESTS FOR ADMISSION

1. Do you admit that Plaintiff was involved in an automobile collision on January 23, 2015?

2. Do you admit that at the time of the Incident, Plaintiff's vehicle was covered under an automobile policy issued by Defendant containing UM/UIM benefits?

3. Do you admit that there was no act of negligence on the part of the Plaintiff in connection with the Incident?

4. Do you admit that Defendant **has no evidence** that Plaintiff was negligent in connection with the Incident?

5. Do you admit that Plaintiff was injured in the Incident?

6. Do you admit that *prior to receiving the 541 demand letter from Plaintiff's counsel,* Defendant has not had submitted Plaintiff's medical treatment or charges incurred in connection with the incident for review by an expert or a medical review service?

7. Do you admit that *prior to receiving the 541 demand letter from Plaintiff's counsel,* Defendant did not have in its possession, custody or control any expert report or competent evidence that Plaintiff's medical treatment was not **necessary** as a result of the incident?

8. Do you admit that *prior to receiving the 541 demand letter from Plaintiff's counsel,* Defendant did not have in its possession, custody or control any expert report or competent evidence that Plaintiff's medical charges were not **reasonable** or necessary as a result of the incident?

9. Do you admit that Defendant does not have any reports or documents regarding any prior injuries or treatments which Defendant contends are related to the injuries sustained by Defendant in the subject incident?

10. Do you admit that Plaintiff has submitted to Defendant medical expenses to Defendant in the amount of $20,597.00?

11. Do you admit that prior to litigation Defendant's top offer on Plaintiff's UM/UIM claim was $5000.00?

12. Do you admit that prior to filing suit, Defendant failed to provide in writing an explanation for the offer made (or denial) based on the policy, the facts or applicable law?

13. Do you admit that Defendant has an obligation to attempt to effectuate a prompt, fair and equitable settlement with its insured when liability is reasonably clear?

14. Do you admit that Defendant owes Plaintiff no duty to make a settlement offer until after Plaintiff has obtained a judgment in his or her favor?

CAUSE NO. _____

| | | |
|---|---|---|
| **ARTUR PAYTYAN,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **AT LAW NO. _____** |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **(GEICO),** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Plaintiff Artur Paytyan submit the following interrogatories to Defendant GEICO.

Respectfully submitted,

**WILLIAM L. SHIRER**
State Bar No. 18273100

**MCGILBERRY & SHIRER, L.L.P.**
5720 LBJ Freeway
Suite 575, LB 5
Dallas, Texas 75240
     P:  (972) 392-1225
     F:  (866) 342-1022 Facsimile
     E:  wls@shirer.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure, a true and correct copy is being served upon Defendant with the service of the Petition and Citation.

**WILLIAM L. SHIRER**

## INTERROGATORIES

1. With regard to each person answering or providing information to answer these Interrogatories, please state the following:

    a.  the name and residence address of each person;

    b.  the employer's name and business address of each person;

    c.  the title of each person; and

    d.  the numbers of each Interrogatory that each person has answered or has provided any information to answer.

2. Identify the person(s) who adjusted or evaluated Plaintiff's claims as described in Plaintiff's Original Petition, and please state in which division or section of Defendant's company the above-mentioned person works.

3. Identify every person who reviewed Plaintiff's claim for UM/UIM benefits and who had any participation whatsoever in evaluating Plaintiff's UM/UIM claim.

4. On what date did the Defendant, first receive notice that Plaintiff was seeking UIM benefits for an automobile collision that occurred on January 23, 2015?

5. On what date(s) did Defendant receive documentation from Plaintiff substantiating medical bills and damages related to the automobile Incident of January 23, 2015?

6. If the Defendant or any of Defendant's employees, representatives or agents performed any investigation concerning the incident or Plaintiff's damages, then for each investigative act please provide:

    a.  The date the investigative act took place;

    b.  The name of the person who performed the investigative act;

    c.  The type of investigation done, i.e., the review of documents, review of scene, interview, etc;

    d.  Identify the documents (or photographs reviewed), or the person interviewed; and

    e.  The date that any report was generated regarding the investigative act.

    [NOTE:  Plaintiff is not seeking disclosure of the information gained by such investigation by this Interrogatory.  Rather, if a dispute arises regarding the disclosure of information or production of documents, this information will be

used by the court to determine what investigation materials and information is protected and not protected from discovery under applicable privileges.]

7. Did Defendant have Plaintiff's medical records or charges reviewed by any expert or medical review service?

8. On what date(s) was/were the reviews preformed?

9. On what date(s) was/were any report(s) generated regarding such medical reviews or evaluations?

10. Does Defendant normally conduct such medical reviews in the normal course of its business in evaluating UM/UIM claims?

11. Please state the name of any expert or company that conducted any reviews or generated any report regarding Plaintiff's medical treatment or charges.

12. Please specify the legal duties, if any, that Defendant contends that it owes to its insureds (such as Plaintiff) who present a UM/UIM claim prior to the insured obtaining a judgment indicating that the insured is "legally entitled to recover" from the uninsured/underinsured motorist.

THE STATE OF TEXAS         §

                                      §

COUNTY OF _____      §

BEFORE ME, the undersigned authority, on this day personally appeared a representative of GEICO, Defendant, known to me to be the person whose name is subscribed to the foregoing instrument, and after being by me first duly sworn upon his/her oath deposes and says that he/she is personally acquainted with the facts herein stated, is authorized to make these Answers to Plaintiff's First Set of Interrogatories To Defendant and that said Answers are true and correct.

_____

Representative -

_____

SUBSCRIBED AND SWORN TO this _____ day of _____, 2015, by to certify which witness my hand and seal of office.

_____

Notary Public, State of Texas

_____

Notary's Printed Name

My Commission Expires:

_____

CAUSE NO. _____

| | | |
|---|---|---|
| **ARTUR PAYTYAN,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **AT LAW NO. _____** |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **(GEICO),** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff Artur Paytyan submits the following Requests for Production to Defendant

GEICO.

Respectfully submitted,

_William L. Shirer_

**WILLIAM L. SHIRER**
State Bar No. 18273100

**MCGILBERRY & SHIRER, L.L.P.**
5720 LBJ Freeway
Suite 575, LB 5
Dallas, Texas 75240
  P:  (972) 392-1225
  F:  (866) 342-1022 Facsimile
  E:  wls@shirer.net

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure, a true and correct copy is being served upon Defendant with the service of the Petition and Citation.

_William L. Shirer_

**WILLIAM L. SHIRER**

## REQUESTS FOR PRODUCTION

1. **Insurance Policy:**  Copies of any and all insurance policy contracts providing coverage to Plaintiff through Defendant, including all endorsements that were in effect on the date of the Incident.

2. **Claim File:**  The complete claim file made or kept by Defendant in the ordinary course of business in evaluating and handling Plaintiff's UIM claim.

3. **Incident/Investigative Materials:**  Any and all incident reports, investigation reports, witness statements, statements of Plaintiff, and any other documentation concerning the investigation of the Plaintiff's UIM claim, which reports/documents were created in the regular course of business by Defendant or for Defendant by any investigator or medical person and not made in anticipation of litigation.

4. **Prior Claims Information:**  All documents obtained by Defendant regarding other insurance claims made by Plaintiff including documents from the Southwest Index Bureau ("SWIB") or any other organizations which compiles information on claims and/or lawsuits.

5. **Claim Evaluation Calculations**:  All liability workups, calculations and reports pertaining to Plaintiff's UM/UIM claim that were made or obtained by Defendant in the normal course of business.

6. **Claims Handling/Evaluation Guidelines:**  All documents relating to or reflecting Defendant's guidelines and policies utilized in evaluating and handling of UM/UIM claims such as Plaintiff's.

7. **Manuals/Training Materials Claims Handling:**  All documents, manuals and training materials, including all audio and video tapes used in training, overseeing, or supervising claims handling personal such as those that were involved in Plaintiff's claims.

8. **Documents Obtained by Authorization:**  All documents obtained by Defendant pursuant to any authorization signed by Plaintiff.

9. **Claims Handling Manual:**  A copy of Defendant's claim manual for handling claims similar to those brought by Plaintiff which was in effect at the time of six months before the incident made the basis of this lawsuit.

10. **"Colossus" Type Evaluations:**  All documents generated or relating to any evaluation of Plaintiff's UM/UIM claim done by "Colossus" or other computer programs that evaluates the potential settlement value of such claims.

11. **"Colossus" Manuals:**  All manuals related to Colossus or any other computer evaluation program utilized by Defendant's employees.

12. **Medical Evaluations:**  All documents generated or relating to any evaluation of the reasonableness or necessity of Plaintiff's medical treatment or charges, whether such evaluations were performed by Defendant or some third-party that performs such evaluations..

13. **Lien Documents:** Produce all documents regarding any asserted subrogation liens pertaining to Plaintiff's claim, including but not limited to liens pertaining to:

   a.  Health insurance,
   b.  Medicare/Medicaid,
   c.  Workers Compensation,
   d.  Property damage

14. **Defendant's Expert's Documents:**  For any experts Defendant may call to testify at trial, or for consulting experts (i.e., experts whose opinions and impressions have been reviewed by a testifying expert)**,** please produce the following:

   a.  Any documents or materials Defendant or Defendant's attorneys have provided to any such testifying or consulting expert.

   b.  A copy of all documents or correspondence provided by each testifying or consulting expert to Defendant or Defendant's attorneys.

   c.  A copy of each testifying or consulting expert's resume or curriculum vitae.

   d.  All documents reflecting any charges made or expenses incurred by or fees paid to each testifying or consulting expert.

   e.  Copies of any checks sent to each testifying and consulting expert.

15. **Defendant's Controverting Experts Documents:**  For any Medical Providers Defendant has retained to controvert any treatment received by Plaintiff please produce the following:

   a.  Any documents or materials Defendant or Defendant's attorneys have provided to the Medical Provider.

   b.  A copy of all documents or correspondence provided by each Medical Provider to Defendant or Defendant's attorneys.

c.      A copy of each Medical Providers CV or resume.

d.      All documents reflecting any charges made or expenses incurred by or fees paid to each Medical Provider.

e.      Copies of any checks sent to Medical Provider.