# Exhibit "E"

# A F F I D A V I T

I, Erik E. Davis, of Government Employees Insurance Company, a corporation organized and existing under the laws of the State of Maryland, do hereby certify that the attached are the policy limits, contract, and amendments that were in effect for policy number 4113085411 for the loss date of January 23, 2015 issued to:

> Artur Paytyan and Tatevik Paytyan
> 430 Buckingham Rd Apt 1612
> Richardson, TX 75081-5764

by Government Employees Insurance Company.

Erik E. Davis
Claims Coverage Underwriter

Subscribed and sworn before me this \_\_\_17ᵗʰ\_\_\_ day of \_\_\_September\_\_\_ 2015.

_____
Notary Public



MARIE R BLACKWELL
Notary Public, State of Texas
My Commission Expires
February 18, 2019



**GEICO.**     Tel: 1-800-841-3000

**geico.com**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

Date Issued: December 17, 2014

ARTUR PAYTYAN AND TATEVIK
PAYTYAN
430 BUCKINGHAM RD APT 1612
RICHARDSON TX 75081-5764

Email Address: arthurinio@gmail.com

# Declarations Page

This is a description of your coverage.
Please retain for your records.

**Policy Number: 4113-08-54-11**
**Coverage Period:**
09-24-14 through 03-24-15
12:01 a.m. local time at the address of the named insured.

Endorsement Effective: 12-17-14

| Named Insured | Additional Drivers |
|---|---|
| Artur Paytyan | None |
| Tatevik Paytyan | |

| Vehicles | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|
| 1 1999 Nissan | Quest | 4N2XN11T7XD842834 | Richardson TX 75081 | |
| 2 2009 Lexs | RX 350 | 2T2GK31U09C061309 | Richardson TX 75081 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 |
|---|---|---|---|
| **Bodily Injury Liability** | | | |
| Each Person/Each Occurrence | $50,000/$100,000 | $81.40 | $81.40 |
| Property Damage Liability | $25,000 | $119.20 | $131.10 |
| Medical Payments | $2,500 | $20.60 | $18.50 |
| Uninsured Motorists Bodily Injury | | | |
| Each Person/Each Occurrence | $30,000/$60,000 | $28.90 | $28.90 |
| Uninsured Motorists Property Damage | Insured Rejects | - | - |
| $250 Deductible | | | |
| | $25,000 | - | $35.90 |
| Comprehensive | $500 Ded | - | $82.60 |
| Collision | $500 Ded | - | $212.20 |
| Emergency Road Service | Full | - | $5.80 |
| Rental Reimbursement | $25 Per Day | - | $14.90 |
| | $750 Max | - | - |

| **Six Month Premium Per Vehicle** | | **$250.10** | **$611.30** |
|---|---|---|---|

| **Total Six Month Premium** | | | **$861.40** |
|---|---|---|---|

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

TIER Q
DEC_PAGE (03-14) (Page 1 of 2)

*4000014113085411420140033232*

**Discounts**

| The total value of your discounts is | $440.60 |
| --- | --- |
| Multi-Car (All Vehicles) | $238.30 |
| Multiline (All Vehicles) | $25.50 |
| Anti-Lock Brakes (Veh 2) | $11.10 |
| Anti-Theft Device (Veh 2) | $9.20 |
| 5 Year Good Driving (All Vehicles) | $139.90 |
| Passive Restraint/Air Bag (All Vehicles) | $16.60 |

**Contract Type:** A30TX
**Contract Amendments:** ALL VEHICLES - A30TX

**Unit Endorsements:**    A115TX (VEH 2); A431TX (VEH 2); UE27TX (VEH 1,2)

---

## Important Policy Information

-Congratulations! You have earned the free Accident Forgiveness benefit. That means we will waive the surcharge associated with the first at-fault accident caused by an eligible driver on your policy.

-Please review the front and/or back of this page for your coverage and discount information.

-NOTICE: The Automobile Burglary and Theft Prevention Authority Fee is payable in addition to the premium due under this policy. This fee partially or completely reimburses the insurer, as permitted by 28 TAC subsection 5.205, for the $2.00 fee per motor vehicle year required to be paid to the Automobile Burglary and Theft Prevention Authority under Vernon's Annotated Revised Civil Statutes of the State of Texas, Article 4413(37), subsection 10, which was effective on June 6,1991, and revised effective September 1,2011.

-No coverage is provided in Mexico.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-Your policy has been adjusted per your recent request.

# GEICO
**ONE GEICO PLAZA**
**Washington, D.C.  20076-0001**
**Telephone: 1-800-841-3000**

# YOUR
# TEXAS
# PERSONAL
# AUTO
# POLICY

A30TX (03-08)

# YOUR TEXAS PERSONAL AUTO POLICY
## Quick Reference

Beginning
On Page

Beginning
On Page

**AGREEMENT**

**DEFINITIONS SECTION** ............................................... 3

**SECTION I - LIABILITY COVERAGES**

Insuring Agreement ....................................................... 4
Definitions..................................................................... 4
Supplementary Payments ............................................. 4
Exclusions..................................................................... 4
Limit of Liability ........................................................... 6
Out of State Coverage .................................................. 6
Financial Responsibility Required.................................. 6
Other Insurance............................................................ 6

**SECTION II - A - MEDICAL PAYMENTS COVERAGE**

Insuring Agreement....................................................... 6
Definitions...................................................................... 6
Exclusions...................................................................... 6
Limit of Liability ........................................................... 7
Other Insurance ........................................................... 8
Assignment of Benefits ................................................. 8

**SECTION II - B - PERSONAL INJURY PROTECTION COVERAGE**

Insuring Agreement ....................................................... 8
Definitions...................................................................... 9
Exclusions...................................................................... 9
Limit of Liability ........................................................... 9
Other Insurance............................................................. 9
Other Provisions............................................................ 9
Assignment of Benefits ................................................. 9

**SECTION III - COVERAGE FOR DAMAGE TO YOUR AUTO**

Insuring Agreement....................................................... 9
Definitions .................................................................... 10
Transportation Expenses .............................................. 10
Exclusions .................................................................... 10
Limit of Liability ........................................................... 11
Payment of Loss .......................................................... 11
No Benefit to Bailee ..................................................... 11
Other Insurance............................................................ 12
Appraisal ...................................................................... 12

**SECTION IV- UNINSURED/UNDERINSURED MOTORIST COVERAGE**

Insuring Agreement....................................................... 12
Definitions .................................................................... 12
Exclusions..................................................................... 13
Limit of Liability ........................................................... 13
Other Insurance............................................................ 14

**SECTION V - GENERAL POLICY PROVISIONS APPLICABLE TO ALL SECTIONS OF THE POLICY**

**DUTIES AFTER AN ACCIDENT OR LOSS - FILING A CLAIM**

Notification ................................................................... 14
Cooperation................................................................... 14
Our Duties ................................................................... 15
Loss Payment ............................................................... 15
Notice of Settlement of Liability Claims ...................... 15
Additional Duties for Coverage for Damage to Your Auto .................................................................. 15
Additional Duties for Uninsured/Underinsured Motorists Coverage....................................................... 15

**GENERAL PROVISIONS**

Bankruptcy.................................................................... 15
Changes ....................................................................... 15
Legal Action Against Us................................................ 15
Our Right to Recover Payment .................................... 15
Policy Period and Territory ........................................... 16
Termination ................................................................... 16
Transfer of Your Interest in this Policy ......................... 17
Disposal Of Vehicle...................................................... 17
Two or More Auto Polices............................................. 17
Declarations ................................................................. 17
Fraud and Misrepresentation......................................... 17
Terms of Policy Conformed to Statutes ....................... 17
Choice of Law .............................................................. 17
Dividend Provision - Participating Companies .............17

# AGREEMENT

**We, the company named in the Declarations to this policy, agree with *you*, in return for *your* payment on the premium when due, to insure *you*, subject to all the terms of this policy.**

**Acting in reliance on the information *you* have furnished us, we will insure *you* for the Coverages and the Coverage Limits for which a premium is shown in the Declarations.**

## DEFINITIONS SECTION

1. ***Beneficiary*** means (in order of priority of payment):
   a. The surviving spouse, if a resident in the same household as the deceased at the time of the accident, or
   b. If the deceased is an unmarried minor, either of the surviving parents who had legal custody at the time of the accident, or
   c. The estate of the deceased.

2. ***Bodily injury*** means bodily harm to a person, including resulting sickness or death.

3. ***Business day*** means a day other than Saturday, Sunday or holiday recognized by the state of Texas.

4. ***Family member*** means a person who is a resident of *your* household and related to *you* by blood, marriage, or adoption. This definition includes a ward or foster child who is a resident of *your* household, and also includes *your* spouse even when not a resident of *your* household during a period of separation in contemplation of divorce.

5. ***Non-owned auto*** means a ***private passenger auto*** or ***trailer*** not owned by or furnished for regular use of either *you* or a ***family member***, other than a ***temporary substitute auto.*** An auto rented or leased for more than 30 days will be considered as furnished for *your* regular use.

6. ***Occupying*** means in, upon, entering into, or alighting from.

7. ***Private passenger auto*** means a four wheel private passenger, jeep, pickup or sport utility vehicle.

8. ***Temporary substitute auto*** means an auto or ***trailer,*** not owned by *you,* temporarily used with the permission of the owner. This vehicle must be used as a substitute for *your covered auto* or ***trailer*** when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction.

9. ***Trailer*** means a vehicle designed to be pulled by a:
   a. ***Private passenger auto***;
   b. Pickup or van; or
   c. A farm wagon or farm implement while towed by a ***private passenger auto***, pickup, or van.

10. ***Your covered auto*** means:
    a. Any vehicle shown in the Declarations;
    b. Any ***trailer you*** own.
    c. ***Temporary substitute auto***
    d. Any of the following types of vehicles on the date *you* became the owner or enter into a lease for a term of six months or more during the policy period:
       1. A ***private passenger auto***; or
       2. A utility type vehicle, with a G.V.W. of 25,000 lbs. or less, of the pickup body, sedan delivery, panel truck, van type and multi-use type, not used for the delivery or transportation of goods, materials or supplies other than samples; unless,
          i. The delivery of goods, materials or supplies is not the primary usage of the vehicle, or
          ii. Used for farming or ranching.

    This provision 10.d. applies only if *you;*
       1. Acquire the vehicle during the policy period; and
       2. Notify us within 30 days after *you* become the owner.

    If the vehicle *you* acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

    If the vehicle *you* acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. *You* must notify us of a replacement vehicle within 30 days only if *you* wish to add or continue Coverage for Damage to Your Auto. Otherwise *you* have up to the end of the policy period to report the acquisition.

11. *You* and *your* as used throughout this policy means:
    a. The policyholder shown in the Declarations;
    b. His or her spouse, if a resident of the same household; or
    c. His or her spouse, during a period of separation in contemplation of divorce.

## SECTION I - LIABILITY COVERAGE

### INSURING AGREEMENT

1. We will pay damages for **bodily injury** or property damage for which any **covered person** becomes legally responsible because of an auto accident. Property damage includes loss of use of the damaged property. Damages include prejudgment interest awarded against the **covered person.** We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to indemnify, settle or defend ends when our limit of liability for this coverage has been exhausted.

### DEFINITIONS

The definitions contained in the Definitions Section of the policy apply to Section I. The following special definition applies:

1. **Covered person** as used in this section means:
   a. **You** or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
   b. Any person using **your covered auto**.
   c. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Section.
   d. For any auto or **trailer,** other than **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of **you** or any **family member** for whom coverage is afforded under this Section. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

1. In addition to our limit of liability, we will pay on behalf of a **covered person:**
   a. Up to $250 for the cost of bail bonds required because of an accident including related traffic law violations. The accident must result in **bodily injury** or property damage covered under this policy.
   b. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
   c. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.
2. We will upon request by a **covered person**, provide reimbursement for the following items:
   a. Up to $100 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
   b. Other reasonable expenses incurred at our request.
   c. Costs incurred by any **covered person** for first aid to others at the time of an accident involving **your covered auto** or **non-owned auto.**

### EXCLUSIONS

Section I does not apply:

1. To any person who intentionally causes **bodily injury** or property damage;
2. To any person for damage to property owned or being transported by that person;
3. To any person for damage to property:
   a. Rented to;
   b. Used by; or
   c. In the care of;

   that person.

This Exclusion (3) does not apply to damage to:
   a. A residence when rented or leased to **you**;
   b. A private garage when rented or leased to **you**.
4. To **bodily injury** to an employee of any **covered person** during the course of employment. This exclusion does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required to be provided by **you** or available for that domestic employee.
5. To any person for liability arising out of the ownership or operation of a vehicle while it is:
   a. Being used to carry persons for a fee; this does not apply to a share-the-expense car pool.
   b. Being used to carry property for a fee; this does not apply to **you** or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or
   c. Rented or leased to another; this does not apply if **you** or any **family member** lends **your covered auto** to another for reimbursement of operating expenses only.

6. To any person while employed or otherwise engaged in the business or occupation of:

   a. Selling;
   b. Repairing;
   c. Servicing;
   d. Storing; or
   e. Parking;

   vehicles designed for use mainly on public highways.  This includes road testing and delivery.  This exclusion (6.) does not apply to the ownership, maintenance or use of *your covered auto* by:

   1. *You*;
   2. Any *family member*; or
   3. Any partner, agent or employee of *you* or any *family member*.

7. To any person for the maintenance or use of any vehicle while employed or otherwise engaged in any business or occupation other than selling, repairing, servicing, storing, or parking of vehicles designed for use mainly on public highways, including road testing and delivery.

   This Exclusion does not apply to the maintenance or use of:

   a. A *private passenger auto*;
   b. *Trailer* used with a *private passenger auto*.

8. To any person for the use of a vehicle without a reasonable belief that that person is entitled to do so except for *you* or any *family member* while using *your covered auto*.

9. To *bodily injury* or property damage for which any person:

   a. Is an insured person under a nuclear energy liability policy; or
   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. American Nuclear Insurers;
   b. Mutual Atomic Energy Liability Underwriters; or
   c. Nuclear Insurance Association of Canada.

10. To an auto insured by *you* during the policy term, if *you* have purchased other liability insurance for it.

11. To:

    a. The United States of America or any of its Agencies;
    b. Any person, including *you*, if protection is afforded under the provision of the Federal Tort Claims Act.

12. To any liability assumed under any contract or agreement.

13. To *bodily injury* or property damage caused by an auto driven in or preparing for any, racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

14. To *bodily injury* or property damage caused by war, whether or not declared, civil war, insurrection, rebellion or revolution.

15. To *bodily injury* or property damage for the ownership, maintenance or use of:

    a. Any motorized vehicle having fewer than four wheels;
    b. Any vehicle other than *your covered auto*, which is:

       1. Owned by *you*; or
       2. Furnished or available for *your* regular use.

16. To *bodily injury* or property damage for the ownership, maintenance or use of:

    Any vehicle, other than *your covered auto*, which is:

    a. Owned by any *family member*;
    b. Furnished or available for the regular use of any *family member*.

    However, this exclusion does not apply to *your* maintenance or use of any vehicle which is:

    a. Owned by a *family member*; or
    b. Furnished or available for the regular use of a *family member*.

17. To *you* or any *family member* for *bodily injury* to *you* or any *family member* in excess of the minimum financial responsibility limits required by Texas law.

**LIMIT OF LIABILITY**

1. The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is the most we will pay for all *bodily injuries* to any one person in any one auto accident. The limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is the most we will pay for all *bodily injuries* resulting from any one auto accident, regardless of how many people are injured. The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is the most we will pay for all damages to all property resulting from any one auto accident.

This is the most we will pay regardless of the number of:

   a. *Covered persons;*
   b. Claims made;
   c. Vehicles or premiums shown in the Declarations; or
   d. Vehicles involved in the auto accident.

2. Any payment under the Uninsured/Underinsured Motorist Coverage or the Personal Injury Protection Coverage of this policy to or for a *covered person* will reduce any amount a *covered person* is entitled to recover under this overage.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which *your covered auto* is principally garaged, we will interpret *your* policy for that accident as follows:

1. If the state or province has:

   a. A financial responsibility or similar law specifying limits of liability for *bodily injury* or property damage higher than the limit shown in the Declarations, *your* policy will provide the higher specified limit.

   b. A compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses a vehicle in that state or province, *your* policy will provide at least the required minimum amounts and types of coverage.

2. No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY REQUIRED**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

**OTHER INSURANCE**

If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any liability insurance we provide to a *covered person* for the maintenance or use of a vehicle *you* do not own shall be excess over any other applicable liability insurance.

---

**SECTION II - A- MEDICAL PAYMENTS COVERAGE**

**INSURING AGREEMENT**

1. We will pay reasonable expenses incurred for necessary medical and funeral services because of *bodily injury*:

   a. Caused by accident; and
   b. Sustained by a *covered person.*

   We will pay only those expenses incurred within three years from the date of the accident.

**DEFINITIONS**

The definitions contained in the Definitions Section of the policy apply to Section II-A. The following special definition applies:

1. *Covered person* as used in this section means:

   a. *You* or any *family member:*

      1. While *occupying;* or
      2. When struck by;

      a motor vehicle designed for use mainly on public roads or a *trailer* of any type.

   b. Any other person while *occupying your covered auto.*

**EXCLUSIONS**

We do not provide Medical Payments Coverage for any person for *bodily injury*:

1. Sustained while *occupying* any motorized vehicle having less than four wheels or an all-terrain vehicle.

2. Sustained while *occupying your covered auto* when it is:

   a. Being used to carry persons for a fee; this does not apply to a share-the-expense car pool; or
   b. Being used to carry property for a fee; this does not apply to *you* or any *family member* unless the primary usage of the vehicle is to carry property for a fee; or
   c. Rented or leased to another; this does not apply if *you* or any *family member* lends *your covered auto* to another for reimbursement of operating expenses only.

3. Sustained while *occupying* any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the *bodily injury*.

5. Sustained while *occupying* or, when struck by, any vehicle (other than *your covered auto*) which is:

   a. Owned by *you*; or
   b. Furnished or available for *your* regular use.

6. Sustained while *occupying* or when struck by, any vehicle (other than *your covered auto*) which is:

   a. Owned by any *family member*; or
   b. Furnished or available for the regular use of any *family member*.

   However this exclusion (6.) does not apply to *you.*

7. Sustained while *occupying* a vehicle without a reasonable belief that that person is entitled to do so. This exclusion (7.) does not apply to *you* or any *family member* while using *your covered auto*.

8. Sustained while *occupying* a vehicle when it is being used in the business or occupation of a *covered person.* This exclusion (8.) does not apply to *bodily injury* sustained while *occupying* a:

   a. *Private passenger auto*;
   b. Pickup or van that *you* own; or
   c. *Trailer* used with a vehicle described in (8.a. or 8.b.) above.

9. Caused by or as a consequence of:

   a. Discharge of a nuclear weapon (even if accidental);
   b. War (declared or undeclared);
   c. Civil war;
   d. Insurrection; or
   e. Rebellion or revolution.

10. From or as a consequence of the following whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;
    b. Radiation; or
    c. Radioactive contamination.

**LIMIT OF LIABILITY**

1. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   a. *Covered persons*;
   b. Claims made;
   c. Vehicles or premiums shown in the Declarations; or
   d. Vehicles involved in the accident.

2. Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expense under any Auto Liability or Uninsured/Underinsured Motorists Coverage provided by this policy.

3. No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under any Auto Liability or Uninsured/Underinsured Motorists Coverage provided by this policy.

4. We will pay a supplementary death benefit to *your beneficiary* who provides proof of death of the *covered person* along with a police report or other proof, that the *covered person* at the time of the auto accident, was wearing a seat belt or protected by an airbag.

   The supplementary death benefit will equal the limit shown for the applicable coverage but not more than $10,000 per person because of death:

   a. Caused by an auto accident; and

b.  Sustained by a *covered person* while wearing a seat belt (manual or automatic safety belts or seat and shoulder restraints or a child restraint device) or protected by an airbag (a functioning airbag designed to protect the occupant of a seat in an auto).

We will pay benefits only if an auto accident was the proximate cause of death occurring within three years of the date of such accident.

### OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle *you* do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

### ASSIGNMENT OF BENEFITS

Payments for medical expenses will be paid directly to a physician or other health care provider if we receive a written assignment signed by the *covered person* to whom such benefits are payable.

## SECTION II - B- PERSONAL INJURY PROTECTION COVERAGE

### INSURING AGREEMENT

1.  We will pay Personal Injury Protection benefits because of *bodily injury*:
    a.  Resulting from a motor vehicle accident; and
    b.  Sustained by a *covered person*.

    Our payment will only be for losses or expenses incurred within three years from the date of accident.

2.  Personal Injury Protection benefits consist of:
    a.  Medical Expenses
        1.  Reasonable expenses incurred for necessary medical and funeral services.
    b.  Loss of Income
        1.  Eighty percent of a *covered person's* loss of income from employment.  These benefits apply only if, at the time of the accident, the *covered person:*
            i.  Was an income producer; and
            ii.  Was in an occupational status.
        2.  Loss of income is the difference between:
            i.  Income which would have been earned had the *covered person* not been injured; and
            ii.  The amount of income actually received from employment during the disability.
        3.  If the income being earned as of the date of accident is a salary or fixed remuneration, it shall be used in determining the amount of income which would have been earned.  Otherwise, the average monthly income earned during the period (not more than 12 months) preceding the accident shall be used.
    c.  Essential Services
        1.  Reasonable expenses incurred for obtaining services.  These services must replace those a *covered person* would normally have performed:
            i.  Without pay;
            ii.  During a period of disability; and
            iii.  For the care and maintenance of the family or household.
        2.  These benefits apply only if, at the time of the accident, the *covered person*
            i.  Was not an income producer; and
            ii.  Was not in an occupational status.

    The benefits described in 2.b and 2.c above do not apply to any loss after the *covered person* dies.

### DEFINITIONS

The definitions contained in the Definitions Section of the policy apply to Section II-B.  The following special definition applies:

1.  *Covered person* as used in this section means:
    a.  *You* or any *family member*:
        1.  While *occupying;* or

2. When struck by;

a motor vehicle designed for use mainly on public roads or a *trailer* of any type.

b. Any other person while *occupying your covered auto* with *your* permission.

## EXCLUSIONS

We do not provide Personal Injury Protection Coverage for any person for *bodily injury* sustained:

1. In an accident caused intentionally by that person.
2. By that person while in the commission of a felony.
3. By that person while attempting to elude arrest by a law enforcement official.
4. While *occupying*, or when struck by, any motor vehicle (other than *your covered auto*) which is owned by *you.*
5. By a *family member* while *occupying*, or when struck by, any motor vehicle (other than *your covered auto*) which is owned by a *family member*.

## LIMIT OF LIABILITY

1. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   a. *Covered persons*;
   b. Claims made;
   c. Vehicles or premiums shown in the Declarations; or
   d. Vehicles involved in the accident.

2. We will pay a supplementary death benefit to *your beneficiary* who provides proof of death of the *covered person* along with a police report or other proof, that the *covered person* at the time of the auto accident, was wearing a seat belt or protected by an airbag.

   The supplementary death benefit will equal the limit shown for the applicable coverage but not more than $10,000 per person because of death:

   a. Caused by an auto accident; and
   b. Sustained by a *covered person* while wearing a seat belt (manual or automatic safety belts or seat and shoulder restraints or a child restraint device) or protected by an airbag (a functioning airbag designed to protect the occupant of a seat in an auto).

   We will pay benefits only if an auto accident was the proximate cause of death occurring within three years of the date of such accident.

## OTHER INSURANCE

If there is other Personal Injury Protection insurance, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle *you* do not own shall be excess over any other collectible Personal Injury Protection insurance.

## OTHER PROVISIONS

1. **Loss Payments.** Benefits are payable:

   a. Not more frequently than every two weeks; and
   b. Within 30 days after satisfactory proof of claim is received.

2. **Modification.** The General Provision section of this policy entitled "Our Right To Recover Payment" does not apply to this coverage.

## ASSIGNMENT OF BENEFITS

Payments for medical expenses will be paid directly to a physician or other health care provider if we receive a written assignment signed by the *covered person* to whom such benefits are payable.

## SECTION III - COVERAGE FOR DAMAGE TO YOUR AUTO

## INSURING AGREEMENT

1. We will pay for direct and accidental *loss* to *your covered auto or non-owned auto* including its equipment permanently installed in or on the auto, less any applicable deductible shown in the Declarations. However, we will pay for *loss* caused by *collision* or *comprehensive* only if the Declarations indicate that Collision or Comprehensive Coverage is provided.

## DEFINITIONS

The definitions contained in the Definitions Section of the policy apply to Section III. The following special definitions apply:

1. **Actual cash value** is the replacement cost of the auto or property less **depreciation** and/or **betterment.**
2. **Betterment** is improvement of the auto or property to a value or condition greater than its pre-loss condition.
3. **Collision** means the upset of **your covered auto** or **non-owned auto**; or collision with another object including an attached vehicle.
4. **Comprehensive** means **loss** caused other than by **collision** and includes but is not limited to the following causes:
    a. Missiles or falling objects;
    b. Fire;
    c. Theft or larceny;
    d. Explosion or earthquake;
    e. Windstorm;
    f. Hail, water or flood;
    g. Malicious mischief or vandalism;
    h. Riot or civil commotion;
    i. Contact with bird or animal; or
    j. Breakage of glass.

    If breakage of glass is caused by a **collision** or if **loss** is caused by contact with a bird or animal, **you** may elect to have it considered a **loss** caused by **collision.**

5. **Custom parts or equipment** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:
    a. Are permanently installed or attached; or
    b. Alter the appearance or performance of a vehicle.

    This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the **your covered auto**, using bolts or brackets, including slide-out brackets.

6. **Depreciation** means a decrease or loss in value or condition to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.
7. **Diminution in value** means the difference, if any, between the market value of **your covered auto** immediately preceding a **loss** and the market value of **your covered auto** after repair of physical damage resulting from that **loss.**
8. **Loss** means direct and accidental loss of or damage to:
    a. The auto, including its equipment; or
    b. Other insured property.

## TRANSPORTATION EXPENSES

In addition, we will pay up to $25 per day to a maximum of $750 for transportation expenses incurred by **you.** This applies only in the event of the total theft of **your covered auto.** We will pay only transportation expenses incurred during the period:

1. Beginning 48 hours after the theft; and
2. Ending when **your covered auto** is returned to use or we pay for its **loss**.

## EXCLUSIONS

We will not pay for:

1. **Loss** to **your covered auto** while it is:
    a. Being used to carry persons for a fee; this does not apply to a share-the-expense car pool; or
    b. Being used to carry property for a fee; this does not apply to **you** or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or
    c. Rented or leased to another; this does not apply if **you** or any **family member** lends **your covered auto** to another for reimbursement of operating expenses only.
2. Damage due and confined to:
    a. Wear and tear;
    b. Freezing;

c. Mechanical or electrical breakdown or failure; or
d. Road damage to tires.

This exclusion does not apply if the damage results from the total theft of *your covered auto*.

3. *Loss* due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.

4. *Loss* to a camper body or *trailer* not shown in the Declarations.  This exclusion does not apply to a *trailer you:*
   a. Acquire during the policy period; and
   b. Notify us within 30 days after *you* become the owner.

5. *Loss* to any device or instrument used for detection of radar or other speed measuring equipment.

6. *Loss* to *custom parts or equipment* unless the existence of those *custom parts or equipment* has been previously reported to us and an endorsement to the policy has been added.

7. *Loss* due to or as a consequence of a seizure of *your covered auto* or *non-owned auto* by federal or state law enforcement officers as evidence in a case against *you* by the Texas Controlled Substances Act or the Federal Controlled Substances Act if *you* are convicted in such a case.

8. *Loss* to *your covered auto* or any *non-owned auto* due to *diminution in value*.

9. *Loss* caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

10. *Loss* caused by any person resulting from the intentional acts of that person.

11. *Loss* to any amphibious mobile home trailer, including any property contained in or used with any such auto or trailer, while used on, or while being launched into, or while being beached from water.

## LIMIT OF LIABILITY

1. Our limit of liability for *loss* will be the lesser of the:
   a. *Actual cash value* of the stolen or damaged property;
   b. Amount necessary to repair or replace the property with other of like kind and quality; or
   c. Amount stated in the Declarations of this policy.

2. Our limit of liability for *loss* to a *trailer* not owned by *you* is $500.

3. Our limit of liability for *loss* to personal effects arising out of one occurrence is $200.

4. Our limit of liability for glass repair or replacement is limited to the prevailing competitive price.  Although *you* have the right to choose any glass repair facility or location, the limit of liability for *loss* to window glass is the cost to repair or replace such glass but will not exceed the prevailing competitive price.  This is the price we can secure from a competent and conveniently located glass repair facility.  At *your* request, we will identify a glass repair facility that will perform the repairs at the prevailing competitive price.  We will not apply the applicable deductible if the glass *loss* is repaired rather than replaced.

5. Our limit of liability for *custom parts or equipment* is limited to the *actual cash value* of the *custom parts or equipment,* not to exceed the *actual cash value* of the vehicle.

Our payment for *loss* will be reduced by any applicable deductible shown in the Declarations.

## PAYMENT OF LOSS

We may pay for *loss* in money or repair or replace the damaged or stolen property.  We may, at our expense, return any stolen property to:

1. *You*; or
2. The address shown in this policy.

If we return stolen property, we will pay for any damage resulting from the theft.  We may keep all or part of the property at an agreed or appraised value.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER INSURANCE**

1.  If *you* have other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available. Any insurance we provide for a vehicle *you* do not own shall be excess over any other collectible insurance.

2.  For any *loss* to which Uninsured/Underinsured Motorists coverage (from this or any other policy) and this coverage both apply, *you* may choose the coverage from which damages will be paid.

*You* may recover under both coverages but only if:

    a.  Neither one by itself is sufficient to cover the *loss;*
    b.  *You* pay the higher deductible amount (*you* do not have to pay both deductibles); and
    c.  *You* will not recover more than the actual damage.

**APPRAISAL**

If we and *you* do not agree on the amount of *loss*, either may demand an appraisal of the *loss*. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the *actual cash value* and the amount of *loss*. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1.  Pay its chosen appraiser; and
2.  Bear the expenses of the umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

## SECTION IV - UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

1.  We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of *bodily injury* sustained by a *covered person*, or *property damage*, caused by an accident.

    The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the *uninsured motor vehicle.*

    Any judgment for damages arising out of a suit brought without our consent is not binding on us. If we and *you* do not agree as to whether or not a vehicle is actually uninsured, the burden of proof as to that issue shall be on us.

**DEFINITIONS**

The definitions contained in the Definitions Section of the policy apply to Section IV. The following special definitions apply:

1.  *Covered person* as used in this section means:

    a.  *You* or any f*amily member,*
    b.  Any other person *occupying your covered auto;*
    c.  Any person that is entitled to recover damages because of *bodily injury* to a person described in 1.a or 1.b above for which coverage applies.

2.  *Property damage* as used in this Section means injury to or destruction of or loss of use of:

    a.  *Your covered auto,* not including a *temporary substitute auto*.
    b.  Any property owned by *you,* any *family member* or any other person *occupying your covered auto*, while contained in *your covered auto.*
    c.  Any property owned by *you* or any *family member* while contained in any auto not owned, but being operated, by *you* or any *family member*.

3.  *Underinsured motor vehicle* means a land motor vehicle or *trailer* of any type to which a liability bond or policy applies at the time of the accident but its limit of liability either:

    a.  Is not enough to pay the full amount the *covered person* is legally entitled to recover as damages; or
    b.  Has been reduced by payment of claims to an amount which is not enough to pay the full amount the *covered person* is legally entitled to recover as damages.

4.  *Uninsured motor vehicle* means a land motor vehicle or *trailer* of any type:

    a.  To which no liability bond or policy applies at the time of the accident.
    b.  Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

        1.  *You* or any *family member*;
        2.  A vehicle which *you* or any *family member* are *occupying*; or
        3.  *Your covered auto*.

    c.  To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

1. Denies coverage; or
2. Is or becomes insolvent.

d. Which is an **underinsured motor vehicle**.

However, **uninsured motor vehicle** does not include any vehicle or equipment:

a. Owned by or furnished or available for the regular use of **you** or any **family member**.
b. Owned or operated by a self insurer under any applicable motor vehicle law.
c. Owned by any governmental body unless:
   1. The operator of the vehicle is uninsured; and
   2. There is no statute imposing liability for damage because of **bodily injury** or **property damage** on the governmental body for an amount not less than the limit of liability for this coverage.
d. Operated on rails or crawler treads.
e. Designed mainly for use off public roads while not on public roads.
f. While located for use as a residence or premises.

## EXCLUSIONS

We do not provide Uninsured/Underinsured Motorists Coverage:

1. To any person for **bodily injury** sustained while **occupying,** or when struck by, any motor vehicle or **trailer** of any type owned by **you** or any **family member** which is not insured for this coverage under this policy.

2. To any person if that person or the legal representative settles the claim without our written consent.

3. To any person when **your covered auto** is:
   a. Being used to carry persons for a fee; this does not apply to a share-the-expense car pool; or
   b. Being used to carry property for a fee; this does not apply to **you** or any **family member** unless the primary usage of the vehicle is to carry property for a fee; or
   c. Rented or leased to another; this does not apply if **you** or any **family member** lends **your covered auto** to another or reimbursement of operating expenses only.

4. To any person for the first $250 of damage to the property of that person as the result of any one accident.

5. To any person when using a vehicle without a reasonable belief that the person is entitled to do so.  This exclusion does not apply to **you** or any **family member** while using **your covered auto.**

6. To any person for **bodily injury** or **property damage** resulting from the intentional acts of that person.

7. To any person for **bodily injury** or **property damage** caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

8. Directly or indirectly to benefit:
   a. Any insurer or self-insurer under any workers' compensation, disability benefits or similar law;
   b. Any insurer of property.

9. To any person for punitive and/or exemplary damages.

## LIMIT OF LIABILITY

1. The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is the most we will pay for all **bodily injuries** sustained by any one person in any one motor vehicle accident.  The limit of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is the most we will pay for all **bodily injuries** due to any one motor vehicle accident, regardless of the number of persons injured.  The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is the most we will pay for all damages to all property due to any one motor vehicle accident.

   This is the most we will pay regardless of the number of:

   a. **Covered persons**;
   b. Claims made;
   c. Policies or bonds applicable;
   d. Vehicles or premiums shown in the Declarations; or
   e. Vehicles involved in the accident.

   Subject to this maximum, our limit of liability will be the lesser of:

   a. The difference between the amount of a **covered person's** damages for **bodily injury** or **property damage** and the amount paid or payable to that **covered person** for such damages, by or on behalf of persons or organizations who may be legally responsible; and
   b. The applicable limit of liability for this coverage.

2. In order to avoid insurance benefits payments in excess of actual damages sustained, subject only to the limits set out in the Declarations and other applicable provisions of this coverage, we will pay all covered damages not paid or payable under any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage or Personal Injury Protection Coverage.

3. Any payment under the Liability Coverage of this policy to or for a **covered person** will reduce any amount that person is entitled to recover for the same damages under this coverage.

### OTHER INSURANCE

1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However any insurance we provide with respect to a vehicle **you** do not own shall be excess over any other collectible insurance.

2. For any **property damage** to which the Coverage for Damage to Your Auto of this policy (or similar coverage from another policy) and this coverage both apply, **you** may choose the coverage from which damages will be paid. **You** may recover under both coverages, but only if:
   a. Neither one by itself is sufficient to cover the loss;
   b. **You** pay the higher deductible amount (but **you** do not have to pay both deductibles); and
   c. **You** will not recover more than the actual damages.

## SECTION V- GENERAL POLICY CONDITIONS
## APPLICABLE TO ALL SECTIONS OF THE POLICY

### DUTIES AFTER AN ACCIDENT OR LOSS

### DEFINITIONS

The definition of **business day**, **you**, **your**, and **your covered auto** in the Definitions Section apply to Section V-General Policy Conditions.

### 1. NOTIFICATION

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. If we show that **your** failure to provide notice prejudices our defense, there is no liability coverage under the policy.

### 2. COOPERATION

Any person seeking any coverage must:
   a. Cooperate with us in the investigation, settlement or defense of any claim or suit.
   b. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
   c. Submit, as often as we reasonably require, to physical exams by physicians we select. We will pay for these exams.
   d. Authorize us to obtain:
      1. Medical reports reasonably related to the accident or injury; and
      2. Other pertinent records.
   e. When required by us:
      1. Submit a sworn proof of loss;
      2. Submit to examination under oath.

### 3. OUR DUTIES

   a. Within 15 days after we receive **your** written notice of claim, we must:
      1. Acknowledge receipt of the claim. If our acknowledgment of the claim is not in writing, we will keep record of the date, method and content of our acknowledgment.
      2. Begin any investigation of the claim.
      3. Specify the information **you** must provide in accordance with paragraph 2. above.

   We may request more information, if during the investigation of the claim such additional information is necessary.

   b. After we receive the information we request, we must notify **you** in writing whether the claim will be paid or has been denied or whether more information is needed:
      1. Within 15 **business days**; or
      2. Within 30 days if we have reason to believe the loss resulted from arson.

   c. If we do not approve payment of **your** claim or require more time for processing **your** claim, we must:
      1. Give the reasons for denying **your** claim, or
      2. Give the reasons we require more time to process **your** claim. But, we must either approve or deny **your** claim within 45 days after our requesting more time.

   d. In the event of a weather-related catastrophe or major natural disaster, as defined by the Texas Department of Insurance, the claim handling deadlines as stated above are extended for an additional 15 days.

4. **LOSS PAYMENT**

   a. If we notify *you* that we will pay *your* claim, or part of *your* claim, we must pay within 5 *business days* after we notify *you*.

   b. If payment of *your* claim or part of *your* claim requires the performance of an act by *you,* we must pay within 5 *business days* after the date *you* perform the act.

5. **NOTICE OF SETTLEMENT OF LIABILITY CLAIM**

   a. We will notify *you* in writing of any initial offer to compromise or settle a claim against *you* under the liability section of this policy. We will give notice within 10 days after the date the offer is made.

   b. We will notify *you* in writing of any settlement of a claim against *you* under the liability section of this policy. We will give *you* notice within 30 days after the date of the settlement.

6. **ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO**

   A person seeking coverage for Damage to Your Auto must also:

   a. Take reasonable steps after loss to protect *your covered auto* and its equipment from further loss. We will pay reasonable expenses incurred to do this;

   b. Promptly notify the police if *your covered auto* is stolen; and

   c. Permit us to inspect and appraise the damaged property before its repair or disposal.

7. **ADDITIONAL DUTIES FOR UNINSURED /UNDERINSURED MOTORISTS COVERAGE**

   A person seeking Uninsured/Underinsured Motorists Coverage must also:

   a. Promptly notify the police if a hit and run driver is involved;

   b. Promptly send us copies of the legal papers if a suit is brought;

   c. Take reasonable steps after loss, at our expense, to protect damaged property from further loss; and

   d. Permit us to inspect and appraise the damaged property before its repair or disposal.

## GENERAL PROVISIONS

### DEFINITIONS

The defintions of *covered person, you, your*, and *your covered auto* in the Definitions Section apply to General Provisions. The definition of *underinsured motor vehicle* in Section IV applies to General Provisions.

1. **BANKRUPTCY**

   Bankruptcy or insolvency of the *covered person* shall not relieve us of any obligations under this policy.

2. **CHANGES**

   a. This policy contains all the agreements between *you* and us. Its terms may not be changed or waived except by endorsement issued by us.

   b. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change in accordance with rules prescribed by the Texas Department of Insurance or its successor. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

      1. The number, type or use classification of *your covered auto*;

      2. Operators using *your covered auto*;

      3. The place of principal garaging of *your covered auto*;

      4. Coverage, deductible or limits.

   c. If this policy form is revised to provide more coverage without additional premium charge, we will automatically provide the additional coverage as of the date the revision is effective.

   d. We will compute the rates in effect on each anniversary date of the policy's inception date for a policy written for more than a full year.

3. **LEGAL ACTION AGAINST US**

   a. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Liability Coverage, no legal action may be brought against us until:

      1. We agree in writing that the *covered person* has an obligation to pay; or

      2. The amount of that obligation has been finally determined by judgment after trial.

   b. No person or organization has any right under this policy to bring us into any action to determine the liability of a *covered person.*

4. **OUR RIGHT TO RECOVER PAYMENT**

   a. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:

      1. Whatever is necessary to enable us to exercise our rights; and

2.  Nothing after loss to prejudice them. (A release of the insurer of an **underinsured motor vehicle** does not prejudice our rights.)

However, our rights in this paragraph do not apply, under Section III, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

b.  If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1.  Hold in trust for us the proceeds of the recovery; and
2.  Reimburse us to the extent of our payment. (However, we may not claim the amount recovered from an insurer of any **underinsured motor vehicle**.)

5.  **POLICY PERIOD AND TERRITORY**

a.  This policy applies only to accidents and **losses** which occur:

1.  During the policy period as shown in the Declarations; and
2.  Within the policy territory.

b.  The policy territory is:

1.  The United States of America, its territories or possessions;
2.  Puerto Rico; or
3.  Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

6.  **TERMINATION**

a.  **Cancellation.** This policy may be canceled during the policy period as follows:

1.  The policy holder shown in the Declarations may cancel by:

    i.  Returning this policy to us; or
    ii. Giving us advance written notice of the date cancellation is to take effect.

2.  We may cancel by mailing at least 10 days notice to the policy holder shown in the Declarations at the address shown in this policy.

3.  After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

    i.   If **you** submit a fraudulent claim; or
    ii.  For nonpayment of premium; or
    iii. If **your** driver's license or motor vehicle registration or that of:

        (a) Any driver who lives with **you;** or
        (b) Any driver who customarily uses **your covered auto** has been suspended or revoked. However, we will not cancel if **you** consent to the attachment of an endorsement eliminating coverage when **your covered auto** is being operated by the driver whose license has been suspended or revoked.

4.  We may not cancel this policy based solely on the fact that **you** are an elected official.

b.  **Non-renewal.** If we decide not to renew or continue this policy, we will mail notice to the policy holder shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period. If the policy period is other than 1 year, we will have the right not to renew or continue it only at each anniversary of its original effective date. We will not refuse to renew because of a **covered person's** age. We may not refuse to renew this policy based solely on the fact that **you** are an elected official.

c.  **Automatic Termination.** If, at any time, **you** obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. If we offer to renew or continue and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted our offer.

d.  **Other Termination Provisions**

1.  We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2.  If this policy is cancelled, **you** may be entitled to a premium refund. If so, we will send **you** the refund promptly. The premium refund, if any, will be computed pro-rata, subject to the policy minimum premium. However, making or offering to make the refund is not a condition of cancellation.
3.  The effective date of cancellation stated in the notice shall become the end of the policy period.
4.  Any cancellation or restriction of coverage made without **your** consent will be of no effect except as:

      i. Provided for in this Termination provision under:
         (a) Cancellation;
         (b) Non-renewal; or
         (c) Automatic Termination.
      ii. Required by the Texas Department of Insurance.

7. **TRANSFER OF YOUR INTEREST IN THIS POLICY**

   a. *Your* rights and duties under this policy may not be assigned without our written consent. However, if a policy holder shown in the declarations dies, coverage will be provided for:

      1. The surviving spouse if a resident in the same household at the time of death. Coverage applies to the spouse as if a policy holder shown in the Declarations.

      2. The legal representative of the deceased person as if a policy holder shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use *your covered auto*.

   b. Coverage will be provided until the end of the policy period.

   **NOTE:** Refer to Medical Payments and/or Personal Injury Protection Coverages for Assignment of Benefits.

8. **DISPOSAL OF VEHICLE**

   If *you* relinquish possession of a leased vehicle or if *you* sell or relinquish ownership of *your covered auto*, any coverage provided by this policy for that vehicle will *you* terminate on the date do so.

9. **TWO OR MORE AUTO POLICIES**

   If this policy and any other auto insurance policy issued to *you* by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under one policy.

10. **DECLARATIONS**

   By accepting this policy *you* agree that:

   a. The statements in *your* application and in the Declarations are *your* agreements and representations;
   b. This policy is issued in the reliance upon the truth of these representations; and
   c. This policy along with the application and the Declarations sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

11. **FRAUD AND MISREPRESENTATION**

   Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance;

   a. At the time application is made; or
   b. At anytime during the policy period; or
   c. In connection with the presentation or settlement of a claim.

12. **TERMS OF POLICY CONFORMED TO STATUTES**

   Any terms of this policy in conflict with the statutes of Texas are amended to conform to those statutes.

13. **CHOICE OF LAW**

   The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Texas.

14. **DIVIDEND PROVISION-PARTICIPATING COMPANIES**

   The policy holder shall be entitled to participate in a distribution of the surplus of the Company, as determined by its Board of Directors from time to time, after approval in accordance with the provisions of the Texas Insurance Code of 1951, as amended.

**In Witness Whereof**, the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

W. C. E. Robinson
Secretary

O. M. Nicely
President

 **GEICO**

AUTOMOBILE POLICY AMENDMENT
**EMERGENCY ROAD SERVICE COVERAGE**
**TEXAS**

Policy Number:

**Your** policy provisions are amended as follows:

### SECTION III

### COVERAGE FOR DAMAGE TO YOUR AUTO

It is agreed that under Section III, Coverage For Damage To Your Auto, we will afford Emergency Road Service coverage as follows:

### Emergency Road Service

**You** have this coverage if "Emergency Road Service" appears in the "Coverages" space on the declarations page.

We will pay the fair cost **you** incur for **your covered auto** for:

1. Mechanical labor up to one hour at the place of breakdown;
2. Lockout services up to $100 per lockout if keys to **your covered auto** are lost, broken, or accidentally locked in **your covered auto** ;
3. Towing, if **your covered auto** will not run, to the nearest repair facility where the necessary repairs can be made;
4. Towing **your covered auto** out, if it is stuck on or within 10 feet of a publicly maintained road;
5. Delivery of gas, oil, loaned battery, or change of tire. WE DO NOT PAY FOR THE COST OF THE GAS, OIL, LOANED BATTERY, OR TIRE(S).

### OBTAINING SERVICE UNDER THIS AMENDMENT

You may secure service under this amendment in the following manner:

### SIGN AND DRIVE

The first method, called sign and drive, features a toll-free number in which the insured calls a service representative who will dispatch a service vendor. Upon verification of Emergency Road Service (ERS) coverage, reasonable and necessary charges for up to the policy limit will be automatically billed to the Company by the Service vendor. The insured need only sign a receipt at the time of service which authorizes the company to directly pay the service vendor. Any additional mileage, other fees not specifically addressed above, or lockout services in excess of $100 will be at the insured's expense.

### HIRED SERVICES

The second method occurs when the insured does not use the sign and drive feature described above and hires services without prior approval from the Emergency Road Service (ERS) Department. Upon verification of Emergency Road Service (ERS) coverage for covered services up to a limit of $50 will apply. Lockout services are limited to $100. Requests for reimbursement must be accompanied by an itemized receipt and must be submitted within 60 days of service.

There will be a limit of one reimbursement per disablement.

We affirm this amendment

W.C.E. Robinson
Secretary

O. M. Nicely
President

*00001000001*

**GEICO**

Policy Number:

**Automobile Policy Amendment**
**RENTAL REIMBURSEMENT COVERAGE**
**TEXAS**

**SCHEDULE**

|  | Auto | Year | Vin | LIMITS OF RENTAL REIMBURSEMENT COVERAGE | Premium |
|---|---|---|---|---|---|
| 1. |  |  |  |  |  |
| 2. |  |  | (SEE DECLARATIONS) |  |  |
| 3. |  |  |  |  |  |
| 4. |  |  |  |  |  |

The provisions and exclusions that apply to Section III: Coverage For Damage To Your Auto also apply to this endorsement except as changed by this endorsement. No deductible applies to this coverage.

When there is a *loss* to *your covered auto* described in the Declarations or Schedule for which a specific premium charge indicates that Rental Reimbursement Coverage is afforded:

We will reimburse *you* for expenses *you* incur to rent a substitute auto. We will pay up to the limits described in the schedule. This coverage applies only if:

1. *Your covered auto* is withdrawn from use for more than 24 hours, and

2. The *loss* to *your covered auto* is covered under Section III: Coverage For Damage To Your Auto of this policy.

When there is a total theft of the auto, the limit of $25 per day (maximum of $750) provided under Coverage For Damage To Your Auto will be supplemented to the extent the limits in the above Schedule exceed that $25 per day limit.

Our payment will be limited to that period of time reasonably required to repair or replace the auto.

We affirm this amendment.

W. C. E. Robinson
Secretary

O. M. Nicely
President

A-431-TX (03-08)

 **GEICO**

**AUTOMOBILE POLICY AMENDMENT**
**FEDERAL EMPLOYEES USING AUTOS**
**IN GOVERNMENT BUSINESS**

Policy Number:
Effective Date:

The Policy Number and Effective Date need be completed only when this endorsement is issued subsequent to preparation of the policy.

The following are not a **covered person** under Liability Coverage of the policy:

1. The United States of America or any of its agencies.

2. Any person with respect to **bodily injury** or property damage resulting from the operation of an auto by that person as an employee of the United States Government if the provisions of Section 2679 of Title 28, United States Code (Federal Tort Claims Act), as amended, require the Attorney General of the United States to defend that person in any civil action or proceeding which may be brought for the **bodily injury** or property damage.

This endorsement forms a part of your policy.  It is effective at 12:01 A.M. local time at your address on the effective date shown above.

UE-27-TX (03-08)

*00001000001*